ST. JOHN v. PRENTISS.

[See Case No. 2,194.]

## Case No. 12,228.

ST. JOHN v. SOUTHERN EXP. CO.

[1 Woods, 612; [1] 10 Am. Law Reg. (N. S.) 777.]

Circuit Court, S. D. Alabama. April Term, 1871.

CARRIERS — LIABILITY FOR LOSS — CONNECTING LINES — CUSTOM — EXPRESS CONTRACT — RULES OF COMPANY—RECOVERY.

1. The reception by an express company of a package for transportation to a point beyond its route, and the receipt of the entire compensation for the transportation to that point, is sufficient to make out a prima facie case of contract to carry and deliver the package to that point.

2. To avoid liability in such case, the company must show a specific contract to carry only to

its own terminus, or a settled and uniform rule not to assume liability beyond that point, which rule must be brought home to the consignor, either by express notice, or by a notoriety so general that he may be fairly presumed to have had notice.

3. Plaintiff delivered a package addressed to a consignee in New York, to defendant, an express company in Mobile, paid the freight for the entire distance and took a receipt, stating that "this company is to forward the same to its agent, nearest or most convenient to destination only, and then to deliver the same to other parties, they to complete the transportation; such delivery to terminate all liability of the company for such package." The company's route extended only to Lynchburg, but it had an arrangement with the Adams Express Company to transport such packages to any point on the latter's route, and receive a pro rata share of the freight: *Held*, that the Adams Express Company was the agent of defendant, within the terms of the receipt, and defendant was liable for failure to deliver in New York.

4. If an express company has a settled and uniform rule that money packages must be sealed and indorsed in a certain way, and such rule is brought home to the knowledge of the consignor, who neglects or intentionally omits to comply with it, and the company in ignorance of the special value of the package, takes ordinary care of it only, the company will not be liable for the loss.

5. If, however, the money is stolen by an agent of the company, and the company recovers the money from the thief, it will be liable for the amount so recovered, upon a count for money had and received, notwithstanding the violation of its rules by the consignor.

The evidence tended to prove this state of facts: After the close of the late War of the Rebellion, the postal service between the Northern and Southern states was considered unreliable, and the defendant, the Southern Express Company, having an office in Mobile, was largely employed in the conveyance of letters. These were required to be put up in stamped postal envelops, and the uniform charge on all letters, not containing money, for their conveyance for all distances within the United States was twenty-five cents. When the superscription did not indicate that the letter contained money, it was sent, on reaching its destination, to the post office for delivery. But when the superscription indicated that the letter contained money, it was delivered to the person to whom addressed and his receipt taken. The charge for the transmission of a money letter was four dollars per thousand dollars inclosed, and the rules of the company required the amount inclosed to be stated on the envelop, and that the envelop should be sealed in a prescribed way. The defendant's route extended only to Lynchburg, but it had an arrangement with Adams Express Company to transport packages to any point on the latter's route, and receive a pro rata share of the freight, and it was the practice of the defendant company to deliver to the Adams Company at Lynchburg, packages under this agreement. An attempt was made to bring home to the plaintiff a knowledge of these rules and practices of the company, and on the part of the plaintiff to show that the rules of the com-

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

pany had been relaxed in his favor by the agent of the company at Mobile. On the 26th of May, 1866, the plaintiff inclosed six bank bills for one thousand dollars each, in an ordinary stamped postal envelop, and having indorsed upon it the word "important," addressed it to J. B. Alexander & Co., New York City; he delivered the same to the agent of the defendant at Mobile, for transmission, according to the direction; paid twenty-five cents therefor, and took a receipt stating that "this company is to forward the same to its agent nearest or most convenient to destination only, and then to deliver the same to other parties, they to complete the transportation, such delivery to terminate all liability of this company for such packages." There was no indorsement upon the envelop and nothing in the manner in which it was sealed to indicate that the package contained money. On the 3d of June following, the plaintiff, under precisely the same circumstances, delivered another package to defendant for transmission to New York, also addressed to J. B. Alexander & Co., and containing five thousand dollars. These two packages safely reached the office of the Adams Express Company in New York, and appearing to be ordinary letters of no intrinsic value, were handed to the messenger usually employed for that purpose to deposit in the New York post office for delivery. The packages were stolen by the messenger and neither of them nor their contents ever were delivered to Alexander & Co., or the plaintiff. There was some evidence tending to show that the Adams Express Company had recovered a part of the money contained in the packages from the messenger who stole it.

Robert H. Smith and Thos. H. Herndon, for plaintiff.

Wm. G. Jones and John P. Southworth, for defendant.

WOODS, Circuit Judge (charging jury). The plaintiff claims that the defendant, being a common carrier on the 26th day of May, 1866, undertook and agreed with plaintiff for a valuable consideration, to transport from Mobile, Alabama, and to deliver to J. B. Alexander & Co., in the city of New York, a sealed package, which the plaintiff on that day delivered to the agent of defendant in Mobile, containing six thousand dollars, the property of the plaintiff. That by and through the negligence and carelessness and improper conduct of the defendant and its servants, said package and its contents were wholly lost to the plaintiff.

Plaintiff further avers that on the 3d day of June, 1866, the defendant, as such common carrier, undertook and agreed with plaintiff for a valuable consideration to transport from Mobile, Alabama, and to deliver to J. B. Alexander & Co., in New York City, another sealed package which the plaintiff on that day delivered to the agents of defendant in Mobile, containing five thousand dollars, the property of the plaintiff, and that by the negligence, carelessness and improper conduct of the defendant and its servants, said last named package and its contents were also wholly lost to the plaintiff. He therefore seeks to recover of the defendant the amount of money contained in said packages, with interest. He has also included in his declaration counts for money had and received, and upon an account stated. The defendant pleads the general issue, with leave to give in evidence any matter that might be specially pleaded.

This action is brought against the defendant as a common carrier. The undertaking of a common carrier is to deliver the goods entrusted to him against all events, unless prevented by the act of God, or the public enemy, except where his liability is limited by contract. Before the plaintiff can recover, he must establish his case by proof substantially as he has stated it. Your first inquiry will therefore be, Did the plaintiff deliver the packages containing money, or either of them, to the defendant, to be carried to New York and delivered as alleged, and did the defendant, for a valuable consideration, undertake and agree to convey them to New York City and deliver them to J. B. Alexander & Co., as the plaintiff avers, and has the defendant failed so to deliver them? On the question of the delivery of the packages to the agent of the defendant in Mobile, and the failure of the defendant to deliver them to J. B. Alexander & Co., in New York, I presume you will have little trouble. I do not understand the defendant to controvert these facts. They must be proven, however, to your satisfaction. But the defendant alleges that its lines of business reach only as far north as Lynchburg, Virginia, on the route to New York City; that this fact was known to plaintiff, and that its agreement was not to convey the packages to New York, but to convey them to Lynchburg, Virginia, and then safely to deliver them to Adams Express Company; that it did so transport and safely deliver the packages, and that it is therefore not liable to plaintiff for any loss which occurred after such delivery to the Adams Express Company.

You are to decide from the facts in the case, and controlled by the rules of law as I shall give them to you, what the contract of the defendant with the plaintiff was. I instruct you that the reception by an express company of a package for transportation, directed to a point beyond the route of the express company, and the receipt by such company of the entire compensation for the transmission and delivery of the package to the point to which it is directed, makes out a prima facie case of a contract to carry and deliver the package according to the superscription, and will bind the company unless a different contract is shown, or a settled and uniform rule established by the company not to be bound

beyond its own line, which rule is brought home to the consignor, either by express notice or by a notoriety so general that he may fairly be presumed to have had notice. If you find the fact to be that the defendant received the packages of the plaintiff directed to J. B. Alexander & Co., New York, for transmission, and received the pay for the entire route from Mobile to New York, then I instruct that prima facie, the plaintiff has shown a contract on the part of defendant to carry the packages to New York and deliver them according to the direction, and that the Adams Express Company and its servants were the agents of defendant to complete said transmission and delivery. This proof would, however, only make a prima facie case, and the defendant may rebut it by other proof.

It was competent for the defendant to contract that it was to be bound for the safe transmission of the packages over its own lines only, and if it has satisfied you by proof that it did so contract, then it cannot be held liable for the default of the Adams or any other company which undertook to complete the conveyance of the packages. I believe it is not claimed that defendant made any such contract expressly with the plaintiff, but it is insisted that such contract may be fairly implied from the form of receipt given by the defendant for money packages, and that such receipts must, from their general use by the company, have been familiar to the plaintiff. The defendant says that its receipts for money packages contained a provision in these words: "That this company is to forward the same to its agent nearest or most convenient to destination only, and then to deliver the same to other parties, they to complete the transportation, such delivery to terminate all liability of this company for such packages."

You will first determine from the proof whether the contents of this receipt were brought home to the knowledge of plaintiff. If you find they were, then I say to you that the true construction of this provision is that the defendant undertakes to deliver packages at any point upon its own routes, or upon the routes of any other company with which it has an arrangement to receive, convey and deliver packages, for a pro rata share of the compensation paid by the shipper; but when the terminus of its own route or the route of such a connecting company is reached, and the package is to go to a point beyond, then the defendant is only bound to deliver the same to other parties to complete the transportation, and on such delivery, its liability ceases. I instruct you, that if you find from the proof that there was an understanding between the defendant and the Adams Express Company by which the latter agreed to receive from the former at the end of its route all packages for transmission over the routes of the Adams Express Company, and to deliver them according to the superscription at any point on the routes of the Adams Express Company, and received a pro rata share of the money paid the defendant for the transportation of the package, then the Adams Express Company was the agent of the defendant, referred to in the language of the receipt, and if the Adams Express Company had an agency or office in New York, it would have been the duty of this defendant under that receipt to carry the package to New York, either by itself, or its agent the Adams Express Company, and then deliver it according to its superscription. You are not, however, to confine your consideration upon this point to the terms of this receipt exclusively. You may examine the way bills and other blank forms of the defendant to ascertain what its contract was, and you may take into consideration any statements you may find to have been made to plaintiff by the superintendent or other agent of the defendant, in reference to the transmission of these or other packages, or any special contract or understanding made by defendant's agent with plaintiff.

If you shall find under these instructions that the defendant only contracted to carry the packages of the plaintiff over its own routes, and then to deliver them to another company for transmission to its destination, and that it has performed this contract, then that is an end of the case against the defendant, so far as its liability as a common carrier is concerned. If, however, you find that the defendant undertook to convey the packages to New York, and then deliver them to the persons to whom they were addressed, you will then proceed to consider another branch of the defense. This is, that the rule of the defendant was that packages containing money should be sealed in a certain way; that the amount of the contents should be indorsed upon the package, and a certain rate of compensation for carriage, in proportion to the amount of money conveyed, should be paid; that the plaintiff, well knowing this rule, placed the money which he alleges was lost in an envelop not sealed according to the rules, nor containing a statement indorsed upon the envelop of the amount of the contents, and that he only paid the rate charged by the defendant for the transmission of an ordinary letter containing no inclosure of value, and that by reason of this default on the part of the plaintiff, the packages were entrusted to an agent of the Adams Express Company in New York, who was only employed to deliver ordinary letters, and not valuable packages, and were thereby lost.

Upon this branch of the defense, I instruct you, that the rules of the company, in order to have any influence upon the decision of the case, must have been known to the plaintiff, and these rules must have been settled and uniform. If these rules were not by the proof brought home to the notice of the plaintiff, or if the defendant was in the habit of departing from them, and allowing exceptions to be made to them, and these facts were known to plaintiff, or if there was any understanding

or agreement between the plaintiff and the agent or superintendent, that the rule was not to be enforced against the plaintiff, in either of these cases, the existence of the rules can have no effect upon the decision of this case. In short, the rule must be settled, uniform and known to plaintiff. If you find they were thus settled, uniform and known to the plaintiff, and no exception was made by the agent of defendant in his favor, exonerating him from a compliance therewith, and you find that the contents and value of the packages sent by plaintiff were improperly concealed by him from the defendant for the purpose of depriving him of a part of the compensation the defendant would otherwise have claimed for the transportation and risk, the defendant would not be liable if using the ordinary vigilance which a prudent man would exercise over his own property of the same apparent value.

I instruct you further, that if by reason of the failure of the plaintiff to comply with the rules of the defendant, known to him, the defendant was ignorant of the value of the package, and in consequence thereof, was induced to entrust the package to a messenger who was employed only to deliver packages of no intrinsic value, and failed to place it in the hands of its messenger known to be honest and trustworthy, who was uniformly employed to deliver valuable packages, and by the dishonesty of the messenger to whom the package was entrusted, it was lost; in that case the defendant would not be liable.

If you should find for the defendant upon these issues, it would, nevertheless, be your duty to consider that branch of the plaintiff's case which arises upon what are called the common counts. Under them the plaintiff claims that the Adams Express Company is the agent of the defendant; that the Adams Company, as such agent, has not lost the money of plaintiff, or all of it, but has it or a large part of it in its possession, or has converted it to its own use. If you find under the instructions already given you, that the Adams Express Company is the agent of the defendant, and that it has retained the money of the plaintiff in its possession, or has recovered it from any person who stole it, then you should find a verdict for the plaintiff for the amount which you may decide has come to the possession of the Adams Express Company and is retained by it, or has been converted by it to its own use, with interest from the date of demand, if you shall find a demand has been made; if not, from the commencement of this suit. For, although the plaintiff may have knowingly violated the rules of the defendant in the manner of transmitting this money, still that does not divest the plaintiff of his property in the money, nor authorize the defendant, either by itself or agent, to confiscate it. The defendant is bound to pay it over on demand with interest from the date of demand.

The jury returned a verdict for defendant.